UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE RANKIN, ET AL                                CIVIL ACTION

VERSUS                                                NO. 07-6201

ALLSTATE INSURANCE COMPANY                            SECTION:  C (4)

ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action.  The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 5). Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional

1

minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983). The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000).

In response to the Court's order, Allstate Insurance Company ("Allstate") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 6). To illustrate the amount in controversy, Allstate points to the plaintiffs' policy limits of $224,000 under dwelling, $22,400 for other structures, and $156,800 for contents. After subtracting amounts paid on plaintiffs' claim to date, Allstate calculates that there remains $128,899 on the dwelling policy at this time, $21,438.79 under other structures, and $99,470.04 in coverage on contents. Allstate also asserts that the plaintiffs' request for attorneys' fees and penalties places his claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage

to the property, not the value of the policy. The plaintiffs' state court petition alleges that their property sustained "severe damage due to high winds" and that they are entitled to recover the full cost of repairs to their property. Petition, ¶¶ 3, 10. They do not allege that their property suffered a total loss, and Allstate points to no other evidence that the full policy limits are implicated in this case. Though the defendant notes that the plaintiffs have also made claims for penalties and attorneys' fees under various Louisiana statutes, it must do more than point to the possibility of penalties and fees and must present facts indicating the propriety or likelihood of such penalties should the plaintiffs prevail. *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.); *De Aguilar v. Boeing Co.*, 47 F.3d 1414, 1410 n.8, 1412 (5th Cir. 1995). The amount the plaintiffs might recover is entirely speculative in this case, and the defendant points to nothing that would suggest otherwise.

Thus, based on the record and the law, the Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 8th day of January, 2008

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE